IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NOLEN CHAMBERS, N64570, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 17-cv-00279-MJR |
| KIMBERLY BUTLER,<br>JOHN TROST,<br>NURSE WALTERS,<br>JACKIE STUEVE,<br>DOCTOR FUENTES,<br>WEXFORD HEALTH SOURCES,<br>NURSE SMITH,<br>VICKI PAYNE,<br>ANGELA CRAIN,<br>and UNKNOWN PARTIES, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Nolen Chambers, an inmate who is currently incarcerated at Menard Correctional Center ("Menard"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. In his First Amended Complaint, Plaintiff claims that he has been denied adequate medical care for a heart condition since 2015. (Doc. 12). He seeks monetary relief. (Doc. 12, p. 11).

The First Amended Complaint is now subject to review under 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

1

(b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The First Amended Complaint survives screening under this standard.

**First Amended Complaint**

Plaintiff claims that Menard officials have denied him adequate medical care for a heart condition for two years. (Doc. 12). Since April 9, 2015, Plaintiff has allegedly been "left to intentionally suffer and nearly die several times." (Doc. 12, p. 4). On that date, Plaintiff collapsed in his cell at Menard and was rushed to St. Elizabeth Hospital. (Doc. 12, p. 5). He underwent a heart catheterization, which revealed arterial blockage. (Doc. 12, pp. 4-5). One artery was ninety percent obstructed, requiring the immediate placement of a stint. *Id*. Another was thirty or forty percent blocked. *Id.*

Plaintiff was sent back to Menard with orders to take his prescription medication. (Doc. 12, p. 5). He spent "days" "begging and pleading" with the head warden,[1] medical director,[2] medical staff, and security staff before he was given his medication. *Id*.

Plaintiff allegedly spent the next two years complaining about various medical issues to Menard's security staff, medical staff, counselors, medical director, and wardens. (Doc. 12, p. 5). He requested treatment for dizziness, headaches, fatigue, sweats, body sores, rashes, a hernia, back problems, chest pain, and numbness in his extremities. (Doc. 12, p. 4). Plaintiff made these complaints in person and in grievances. *Id*. However, the staff "d[e]liberately tried to kill . . . Plaintiff by ignoring intentionally" his healthcare needs. (Doc. 12, p. 6).

Instead of improving during this two-year time period, Plaintiff's health declined. (Doc. 12, p. 3). In February 2017, he met with Doctor Satwoni about his heart condition in Sparta, Illinois. (Doc. 12, pp. 3, 5). Plaintiff was referred to St. Elizabeth Hospital for another heart catheterization on February 23, 2017. (Doc. 12, p. 3). He was diagnosed with four blocked arteries. (Doc. 12, p. 7). Plaintiff underwent quadruple bypass surgery on February 27, 2017. *Id*. He maintains that the surgery could have been avoided if he had received adequate medical care during the preceding two years.

Following surgery, Plaintiff returned to Menard on March 7, 2017. (Doc. 12, p. 7). At the time, he suffered from pain and stress. *Id*. Even so, Plaintiff was placed into a "cold naked room" with two beds that were three feet off the floor. *Id*. He was issued a "totally worn out

---

[1] The only warden named as a defendant in the First Amended Complaint is Warden Kimberly Butler.
[2] The only medical director named as a defendant is Doctor John Trost.

mattress" that smelled of urine and feces.  *Id*.  He was denied pain medication, therapy, and a kosher diet.[3]  *Id*.  He was subjected to "hostile" treatment by medical staff.  *Id*.

On March 13, 2017, Doctor Trost and Nurse Walters entered the room around 8:00 a.m. (Doc. 12, pp. 7-8).  In an attempt to wake Plaintiff, the doctor "kick[ed] things around [while] cursing." (Doc. 12, p. 7).  Nurse Walters checked Plaintiff's blood pressure, while stating that he "shouldn't be up here."  (Doc. 12, p. 8).  In response, Doctor Trost said, "[W]e will get him out of here with good ridd[a]nce."  *Id*.

Within two hours, Plaintiff was ordered to gather his belongings and prepare to move. (Doc. 12, p. 8).  Plaintiff protested, stating that he should not be forced to return to the general prison population until he was well enough to function and defend himself.  *Id*.  He asked to return to the hospital instead, but Doctor Trost and Nurse Walters ignored his request.  *Id*.

As Plaintiff exited the infirmary, a security staff sergeant confiscated his "breathing exercise machine" and a pillow that was used to prevent pain while coughing.  (Doc. 12, p. 8). When Plaintiff questioned the sergeant, he was threatened with disciplinary action.  *Id*.  He returned to his old cell with a cellmate, where he was left "weak and vulnerable."  *Id*.

Plaintiff could not walk to the chow hall during this time period.  (Doc. 12, p. 9).  When he asked to have a kosher tray delivered to his cell, correctional officers denied his requests.  *Id*. He was subjected to cell shakedowns, in retaliation for his requests for food service.  *Id*.  Plaintiff asked the medical director and Doctor Trost to issue him a permit for a temporary lay in, a low bunk, and feeding assistance.  *Id*.  They laughed at the request and told Plaintiff he did not need the permits.  *Id*.

---

[3] Plaintiff names no defendant in connection with a claim that he was subjected to unconstitutional conditions of confinement during this time period.  Any claim arising from this incident should therefore be considered dismissed without prejudice from this action.

Between March 7 and April 8, 2017, Plaintiff was also denied pain medication for his chest and heart pain by "every nurse and med-tech he stopped and asked" even though he was prescribed the medication. (Doc. 12, p. 9). The pain was so bad that Plaintiff eventually convinced an inmate trustee to speak with a member of the nursing staff on his behalf. *Id*. He was rushed to Chester Memorial Hospital and treated for pain before being sent back to the prison. (Doc. 12, p. 10). The outside treatment did little to control his pain. *Id*.

Plaintiff claims that the conduct of defendants caused his health to deteriorate over a two-year period. He suffered unnecessarily. He seeks only monetary relief against the defendants. (Doc. 12, p. 11).

## Discussion

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claims in Plaintiff's *pro se* First Amended Complaint into the following counts:

**Count 1** - Eighth Amendment deliberate indifference to medical needs claim against the defendants for failing to timely and adequately treat Plaintiff's heart condition and associated pain at Menard from 2015-17.

**Count 2** - First Amendment retaliation claim against the defendants for subjecting Plaintiff to cell shakedowns when he requested that his meals be delivered to his cell.

**Count 3 -** Illinois medical negligence claim against the defendants for failing to adequately treat Plaintiff's heart condition and associated pain at Menard from 2015-17.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designations do not constitute an opinion regarding the merits of each claim. **Any claims that Plaintiff intended to raise in the**

**Complaint that are not addressed herein should be considered dismissed without prejudice from this action.**

## Claim Subject to Further Review

### Count 1

The Eighth Amendment to the United States Constitution safeguards prisoners against a denial of medical care which may result in pain and suffering that serves no penological purpose. *See Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (citations omitted); *Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010). A prisoner asserting an Eighth Amendment claim must show that his medical condition was sufficiently serious (*i.e.*, an objective standard) and that officials acted with deliberate indifference to his health or safety (*i.e.*, a subjective standard). *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001).

The allegations suggest that Plaintiff's heart condition and associated pain was objectively serious. Plaintiff refers to other conditions, like a rash and a hernia, in passing and without sufficient detail to independently support an Eighth Amendment claim against the defendants. The Eighth Amendment claim in this case therefore focuses only on the heart condition, associated pain, and corresponding denial of medical care.

To satisfy the subjective component of this claim, Plaintiff must "demonstrate that prison officials acted with a 'sufficiently culpable state of mind.'" *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). This state of mind is deliberate indifference, which is shown when prison officials "know of and disregard an excessive risk to inmate health" by being "'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists'" and "'draw[ing] the inference.'" *Greeno*,

414 F.3d at 653 (quoting *Farmer*, 511 U.S. at 834). Negligence does not support a claim of deliberate indifference. *Id*.

The First Amended Complaint includes sufficient allegations of deliberate indifference against Warden Butler, Doctor Trost, and Nurse Walters. All three defendants were allegedly aware of Plaintiff's serious medical condition and his need for ongoing treatment that included prescription pain medication. The warden allegedly took no action when Plaintiff informed her that he was denied his prescription medication for pain and other heart-related issues. *See Diaz v. Godinez*, No. 16-2639 (7th Cir. May 15, 2017) (turning a blind eye to prisoner's complaints of readily treatable pain can constitute deliberate indifference). The Court cannot dismiss Count 1 against this individual.

Doctor Trost and Nurse Walters made the decision to transfer Plaintiff out of the infirmary only one week after he returned to the prison from undergoing quadruple bypass surgery. He complained of continue pain and weakness at the time and asked to return to the hospital. He was instead stripped of medical devices and transferred to his old cell with a cellmate. Plaintiff describes himself as weak and vulnerable during this time period. These defendants nevertheless denied his subsequent requests for special permits for a lay-in, low bunk, and feeding assistance. The allegations suggest that Doctor Trost and Nurse Walters may have exhibited deliberate indifference toward Plaintiff in violation of the Eighth Amendment. *See id*.

Count 1 is subject to further review against Warden Butler, Doctor Trost, and Nurse Walters. This claim is dismissed without prejudice against all other defendants for the reasons discussed below.

## Claims Subject to Dismissal

### Count 2

A prisoner who seeks to bring a First Amendment retaliation claim must show that: (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was "at least a motivating factor" in the defendants' decision to take the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (citing *Woodruff v. Mason*, 542 F.3d 545, 551 (7th Cir. 2008) (quoting *Massey v. Johnson*, 457 F.3d 711, 716 (7th Cir. 2006)).

In the First Amended Complaint, Plaintiff refers to acts of retaliation by various defendants during his recovery period following quadruple bypass surgery. He claims that "security staff" subjected him to one or more cell shakedowns in response to his request for delivery of a kosher food tray to his cell and complaints regarding the denial of food. The Seventh Circuit has explained:

> [N]ot every claim of retaliation by a disciplined prisoner, who either has had contact with, or has filed a lawsuit against prison officials, will state a cause of action for retaliatory treatment. Rather, the prisoner must allege a chronology of events from which retaliation may plausibly be inferred. *Murphy v. Lane*, 833 F.2d 106, 108-09 (7th Cir. 1987) (holding that the plaintiff's complaint "set forth a chronology of events from which retaliatory animus on the part of defendants could arguably be inferred" sufficient to overcome a motion to dismiss). *See also Benson v. Cady*, 761 F.2d 335, 342 (7th Cir. 1985) (noting that "alleging merely the ultimate fact of retaliation is insufficient"). Barring such a chronology, dismissal may be appropriate in cases alleging retaliatory discipline.

*Cain v. Lane*, 857 F.2d 1139, 1143 n. 6 (7th Cir. 1988). Here, Plaintiff has not set forth a chronology of events that supports an inference of retaliation. He does not indicate when or to whom he directed his request for a kosher food tray and when or by whom his cell was searched. Plaintiff offers no statements of security staff members, which suggest that they were motivated to search his cell by some retaliatory motive that related to his request for food delivery or complaints regarding the denial of this request. He does little more than allude to the act of retaliation in his First Amended Complaint. This bald assertion is not enough to support a

retaliation claim. Accordingly, Count 2 shall be dismissed without prejudice against all of the defendants for failure to state a claim upon which relief may be granted.

**Count 3**

Allegations of negligence do not support a claim under § 1983. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995). Negligence claims arise under Illinois state law. However, where a district court has original jurisdiction over a civil action such as a § 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho-Chunk Nation,* 512 F.3d 921, 936 (7th Cir. 2008). "A loose factual connection is generally sufficient." *Houskins v. Sheahan*, 549 F.3d 480, 495 (7th Cir. 2008) (citing *Baer v. First Options of Chicago, Inc.,* 72 F.3d 1294, 1299 (7th Cir. 1995)). Although this Court has supplemental jurisdiction pursuant to § 1367(a) over the state law negligence claim, this is not the end of the Court's analysis.

Under Illinois law, a plaintiff "[i]n any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice," must file an affidavit along with the complaint, declaring one of the following: (1) that the affiant has consulted and reviewed the facts of the case with a qualified health professional who has reviewed the claim and made a written report that the claim is reasonable and meritorious (and the written report must be attached to the affidavit); (2) that the affiant was unable to obtain such a consultation before the expiration of the statute of limitations, and affiant has not previously voluntarily dismissed an action based on the same claim (and in this case, the required written report shall be filed within 90 days after the filing of the

complaint); or (3) that the plaintiff has made a request for records but the respondent has not complied within 60 days of receipt of the request (and in this case the written report shall be filed within 90 days of receipt of the records). *See* 735 ILL. COMP. STAT. §5/2-622(a).[1] A separate affidavit and report shall be filed as to each defendant. *See* 735 ILL. COMP. STAT. § 5/2-622(b).

Failure to file the required certificate/affidavit is grounds for dismissal of the claim. *See* 735 ILL. COMP. STAT. § 5/2-622(g); *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000). However, whether such dismissal should be with or without prejudice is up to the sound discretion of the court. *Sherrod*, 223 F.3d at 614. "Illinois courts have held that when a plaintiff fails to attach a certificate and report, then 'a sound exercise of discretion mandates that [the plaintiff] be at least afforded an opportunity to amend her complaint to comply with section 2-622 before her action is dismissed with prejudice.'" *Id.*; *see also Chapman v. Chandra*, No. 06-cv-651-MJR, 2007 WL 1655799, at *4-5 (S.D. Ill. June 5, 2007).

In the instant case, Plaintiff has failed to file the necessary affidavit/certificate and report. Therefore, the claim in Count 3 shall be dismissed. However, the dismissal shall be without prejudice at this time, and Plaintiff may revive the claim by filing the affidavit/certificate within 35 days (on or before _____, 2017). Should Plaintiff fail to timely file the required affidavits, the dismissal of Count 3 shall become a dismissal with prejudice upon the expiration of this deadline. *See* FED. R. CIV. P. 41(b).

### Claims Against Non-Parties

---

[1] The August 25, 2005, amendments to a prior version of this statute were held to be unconstitutional in 2010. *Lebron v. Gottlieb Mem. Hosp.*, 930 N.E.2d 895 (Ill. 2010) (Holding P.A. 94-677 to be unconstitutional in its entirety). After *Lebron*, the previous version of the statute continued in effect. *See Hahn v. Walsh*, 686 F. Supp. 2d 829, 832 n.1 (C.D. Ill. 2010). The Illinois legislature re-enacted and amended 735 ILL. COMP. STAT. §5/2-622 effective January 18, 2013 (P.A. 97-1145), to remove any question as to the validity of this section. *See* notes on Validity of 735 ILL. COMP. STAT. § 5/2-622 (West 2013).

Plaintiff cannot proceed with any claims against individuals he did not name as defendants in this action. He refers to "counselors," "civil staff," "medical staff," "health care unit staff," and Doctor Satwoni, among others, in the First Amended Complaint. He also alleges that "every nurse and med-tech he stopped and asked" for medication denied it to him in March and April 2017. It is not clear whether Plaintiff intended to name any of these individuals or groups as defendants because he did not identify them as such in the case caption or list of defendants. When parties are not listed in the caption, this Court will not treat them as defendants. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption"). Any claims against these individuals or groups should be considered dismissed without prejudice.

## Defendants Subject to Dismissal

Plaintiff also cannot proceed with any claims against Defendants Angela Crain, Nurse Smith, Vicki Payne, Jackie Stueve, Doctor Fuentes, East House Security Staff, or Wexford Health Sources. He names each defendant in the caption of his First Amended Complaint and in his list of defendants. However, Plaintiff does not mention these defendants in his statement of claim. "For constitutional violations under § 1983[,] . . . a government official is only liable for his or her own misconduct." *Perez*, 792 F.3d at 781 (citation omitted). In order to recover monetary damages against a supervisory official, a § 1983 plaintiff cannot rely on the doctrine of *respondeat superior*, or supervisory liability. *Id*. Instead, the plaintiff must allege that each defendant, through his or her own conduct, violated the Constitution. *Id*. (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)).

11

Moreover, where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims, if any, are directed against him. *See Twombly*, 550 U.S. at 555. Merely invoking the name of a potential defendant by listing him or her in the case caption is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). At this stage, all three claims shall be dismissed without prejudice against Defendants Angela Crain, Nurse Smith, Vicki Payne, Jackie Stueve, Doctor Fuentes, East House Security Staff, or Wexford Health Sources for failure to state a claim upon which relief may be granted.

### Request for Interim Relief

Although Plaintiff describes ongoing symptoms and/or untreated pain, he does not seek any sort of injunctive relief in the First Amended Complaint. Should it become necessary, Plaintiff may file a separate Motion for Temporary Restraining Order and/or Preliminary Injunction pursuant to Rule 65(a) or (b) of the Federal Rules of Civil Procedure.

### Pending Motions

Plaintiff has filed a Motion for Recruitment of Counsel (Doc. 3), which is hereby **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for a decision.

Plaintiff's second Motion for Leave to Proceed *in forma pauperis* ("IFP Motion") (Doc. 8) is hereby **DENIED** as **MOOT**. The Court already granted Plaintiff's first IFP Motion on March 31, 2017. (Doc. 7).

### Disposition

**IT IS HEREBY ORDERED** that **COUNT 1** is subject to further review against Defendants **KIMBERLY BUTLER, JOHN TROST,** and **NURSE WALTERS**. This claim is

**DISMISSED** without prejudice against all other defendants for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that **COUNTS 2** and **3** are **DISMISSED** without prejudice against all of the defendants for failure to state a claim upon which relief may be granted. If Plaintiff wishes to revive the Illinois negligence claim in Count 3, he is hereby **ORDERED** to file the required affidavits within 35 days (**on or before July 10, 2017]**). Should Plaintiff fail to timely file the required affidavits, the dismissal of Count 3 shall become a dismissal with prejudice. *See* 735 ILL. COMP. STAT. § 5/2-622; FED. R. CIV. P. 41(b).

**IT IS ORDERED** that Defendants **JACKIE STUEVE, DOCTOR FUENTES, NURSE SMITH, VICKI PAYNE, ANGELA CRAIN, WEXFORD HEALTH SOURCES,** and **UNKNOWN PARTIES (*i.e.*, EAST CELL HOUSE SECURITY STAFF)** are **DISMISSED** without prejudice from this action because the First Amended Complaint fails to state any claim for relief against them.

As to **COUNT 1,** the Clerk of Court shall prepare for Defendants **KIMBERLY BUTLER, JOHN TROST,** and **NURSE WALTERS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is

entered), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings, including a decision on Plaintiff's Motion for Recruitment of Counsel (Doc. 3).

Further, this entire matter is hereby **REFERRED** to United States Magistrate Judge **Williams** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court

and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  June 5, 2017**

**s/ MICHAEL J. REAGAN**
**Chief Judge**
**United States District Court**